UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JONATHAN ALDO GARCIA,

    Petitioner,

v.   No. 24-cv-00125-DHU-GJF

ATTORNEY GENERAL FOR THE STATE
OF NEW MEXICO, EDDY COUNTY
DETENTION CENTER,

    Respondents.

**MEMORANDUM OPINION AND ORDER TO SHOW CAUSE AND GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**

**THIS MATTER** is before the Court on Petitioner Jonathan Aldo Garcia's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2) (Petition). Garcia challenges the constitutionality of his pretrial detention in an ongoing state court case. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Garcia to show cause why his Petition should not be dismissed for failure to exhaust state court remedies. Garcia's Motion to Proceed in Forma Pauperis (Doc. 3) (the "IFP Motion") shall be granted.

**I.   BACKGROUND**[1]

In August 2023, Garcia was charged with criminal trespass and non-residential burglary. *See* case no. M-18-FR-2023-00081. While awaiting a competency hearing, Garcia filed the Petition and the IFP Motion. *See id.*; (Docs. 2-3). Garcia seeks, among other relief, to be released from pretrial custody and to have the charges pending against him dismissed. (Doc. 2 at

---

[1] To better interpret the citations in the Petition, the Court took judicial notice of Garcia's state court criminal docket, case no. M-18-FR-2023-00081. *See United States v. Smalls*, 605 F.3d 765, 768 n.2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *see also* (Doc. 2 at 9).

6-8). From the state court docket, it appears that Garcia was subsequently found incompetent to stand trial and that the charges against him have been dismissed. *See* case no. M-18-FR-2023-00081; *see* (Doc. 4 at 1). To the extent that the Petition is not moot, Garcia must show cause why it should not be dismissed for failure to exhaust state remedies.

## II.  ANALYSIS

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). While § 2241 does not contain an express exhaustion requirement, Tenth Circuit precedent requires a state prisoner seeking habeas relief under § 2241 to exhaust available state court remedies prior to filing a federal habeas petition. *See Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (citing *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)). Exhaustion requires that a claim be pursued through "one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citation and quotations omitted). The Petition and the state court docket confirm that Garcia did not present the issues raised in the Petition to the New Mexico Supreme Court. He has therefore not met the exhaustion requirement. The Court will require Garcia to show cause in writing why the Petition should not be dismissed for failure to exhaust.

Plaintiff's financial documents reflect that he is unable to prepay the $5.00 habeas filing fee.  The IFP Motion shall be granted.

## III.  CONCLUSION

**IT IS ORDERED** that within thirty days of the entry of this Order, Garcia must show cause in writing why any § 2241 claims should not be dismissed without prejudice for failure to

2

exhaust state remedies.   Failure to timely respond will result in dismissal of this action without further notice.

**IT IS FURTHER ORDERED** that the IFP Motion **(Doc. 3)** is **GRANTED.**

_____
GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE