IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN ALDO GARCIA,

    Petitioner,

v.                                                                                                       No. 2:24-cv-125 DHU-GJF

EDDY COUNTY DETENTION CENTER,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Petitioner Jonathan Aldo Garcia's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2) (Petition). Garcia challenges the constitutionality of his pretrial detention in a state court case. The Court previously directed him to show cause why this § 2241 proceeding should not be dismissed for failure to exhaust state remedies. Because Garcia failed to respond, and having reviewed applicable law, the Court will dismiss the Petition without prejudice.

**BACKGROUND**[1]

In August 2023, Garcia was charged with criminal trespass and non-residential burglary. *See* State Case No. M-18-FR-2023-00081. While awaiting a competency hearing, Garcia filed the Petition and a Motion to Proceed in Forma Pauperis. *See id.*; (Docs. 2-3). Garcia seeks,

---

[1] The background facts are taken from the Petition and Garcia's state court criminal docket, Case No. M-18-FR-2023-00081, which is subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet.").

1

among other relief, to be released from pretrial custody and to have the charges pending against him dismissed.  (Doc. 2) at 6-7.

By a Memorandum Opinion and Order entered July 31, 2024, the Court screened the Petition *sua sponte* under Habeas Corpus Rule 4.  (Doc. 5); *see Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (district courts may apply § 2254 habeas screening rules to a § 2241 petition); *United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies … may be raised by a court *sua sponte*").  The Court observed that from the state court docket, it appears that Garcia was found incompetent to stand trial and that the charges against him had been dismissed.  (Doc. 5) at 2; State Case No. M-18-FR-2023-00081; *see also* (Doc. 4) at 1 (Letter from Garcia).  The Court further observed that it appears Garcia failed to exhaust state remedies before seeking federal relief.  (Doc. 5) at 2.  "A habeas petitioner is generally required to exhaust [available] remedies" before obtaining relief "under § 2241."  *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  The Petition and the state court docket confirm that Garcia did not present the issues raised in the Petition to the New Mexico Supreme Court.  Accordingly, the Court ordered Garcia to show cause in writing why the Petition should not be dismissed for failure to exhaust.  (Doc. 5) at 2.  Garcia was warned that the failure to timely file a show-cause response will result in dismissal of this action without further notice.  *Id.* at 3.

The show-cause deadline was August 12, 2024.  Garcia did not comply, and the Memorandum Opinion and Order was returned as undeliverable with the notation: "Return to Sender."  *See* Doc. 6.  Because Garcia failed to respond, there is no basis to excuse the exhaustion requirement in this case.  The Court will dismiss this proceeding without prejudice to refiling after

2

Garcia presents his habeas claims to the NMSC. To the extent necessary, the Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as this ruling is not reasonably debatable. *See* 28 U.S.C. § 2253(c)(2) (COA may only issue where reasonable jurists would debate the outcome of the habeas case); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (same)

**IT IS ORDERED** that Petitioner Jonathan Aldo Garcia's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 2) is **DISMISSED without prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE